**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| SOLOCRON MEDIA, LLC | § | |
| | § | |
| v. | § | Case No. 2:13-CV-1059-JRG-RSP |
| | § | |
| VERIZON COMMUNICATIONS, INC., et | § | |
| al. | § | |

## REPORT AND RECOMMENDATION

Before the Court is T-Mobile USA, Inc.'s ("T-Mobile") Motion to Dismiss Plaintiff's Willful Infringement Claims. (Dkt. 77, "Motion to Dismiss.")

A claim for willful patent infringement requires proof that (1) "the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent," and (2) "this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). "Willfulness does not equate to fraud, and thus, the pleading requirement for willful infringement does not rise to the stringent standard required by Rule 9(b)." *Ferguson Beauregard/Logic Controls, Division of Dover Res., Inc. v. Mega Sys., LLC*, 350 F.3d 1327, 1343 (Fed. Cir. 2003).

T-Mobile's Motion to Dismiss largely restates those arguments set forth in a similar Motion to Dismiss Willful Infringement Claims filed by AT&T Mobility LLC (AT&T") in the instant case. (Dkt. No. 47, "AT&T's Motion").[1] Indeed, T-Mobile explicitly represents that it is "situated identically" to AT&T Mobility LLC and T-Mobile incorporates the same arguments AT&T set forth in its own Motion to Dismiss. (*See, e.g.*, Mot. at 1) ("Like AT&T, there is no

---

[1] The Court recommended denying AT&T's Motion on September 22, 2014. (Dkt. No. 108.) That recommendation was adopted on October 16, 2014. (Dkt. No. 111.)

allegation that T-Mobile had any pre-suit notice of the asserted patents."); (*id.*) ("Also like AT&T, the willfulness claims against T-Mobile are grounded solely in T-Mobile's alleged eleven-day awareness of the patents based on "the date of service of Solocron's Original Complaint."); (*id.* at 2) ("AT&T's explanation of the controlling law [*In re Seagate Technology, LLC*, 497 F.3d 1360 (Fed. Cir. 2007)], moreover, is correct."); (*id.* at 3)

> As AT&T correctly explained, to allow Solocron to assert willful infringement based solely on the passage of eleven days, and without any factual allegations other than that passage of eleven days, would eviscerate the Federal Circuit's holding in *In re Seagate* that the filing of a lawsuit alone does not give rise to a plausible willful infringement claim while also violating even the liberal pleading standards required under *Twombly* and *Iqbal*.

Because T-Mobile expressly concedes it is "situated identically" to AT&T and further because T-Mobile's arguments merely echo those presented by AT&T, the Court finds T-Mobile's arguments in its Motion to Dismiss equally unavailing. Specifically, T-Mobile's Motion to Dismiss fails because it is entirely predicated on pre-suit activities and, thus, it ignores relevant post-filing activities germane to the *Seagate* analysis. (*See* Dkt. No. 108) (rejecting the implication that *Seagate* created a *per se* bar to post-filing willful infringement claims).

Accordingly, the Court **RECOMMENDS DENYING** T-Mobile's Motion to Dismiss for similar reasons as it set forth in its ruling on AT&T's Motion. (*See, e.g.*, *id.*)

> [Movant] implicitly contends that – as a matter of law – the Federal Circuit's decision in *In re Seagate* required any willful infringement claim to be grounded exclusively in pre-filing conduct if no preliminary injunction was filed. [Movant's] proposition does not appear in *Seagate*. What the *Seagate* court did suggest was that if a preliminary injunction was either not filed or denied on the likelihood of success prong, then a willful infringement claim based solely post-filing conduct would likely be unsuccessful. But even with that proposition in mind, *Seagate* clearly did not create a per se bar to a post-filing willful infringement claim as a general rule.

## CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that T-Mobile's Motion to Dismiss (Dkt. 77) be **DENIED**.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within fourteen days after being served with a copy shall bar that party from de novo review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings, and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

**SIGNED this 24th day of February, 2015.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE